UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| BILLIE LOU MILLER | CIVIL ACTION NO. 22-cv-335 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| KAREN J MILLER | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Travis Miller died in 2020. His daughter, Kay Miller, filed a succession proceeding to probate his will, and she was confirmed as executrix. In her capacity as executrix, Kay sold a Rolls Royce. Travis' widow, Billie Lou Miller, filed within the succession a summary proceeding petition against Kay that alleged Travis had lawfully donated the car to Billie before his death. Billie's petition sought a declaration that she was the legal owner of the car and that Kay's sale of it was a wrongful conversion.

Kay removed the summary proceeding—but not the succession proceeding in which it was filed—on the basis of diversity jurisdiction. Billie filed a motion to remand, which the court denied. Docs. 15 & 19. Kay filed a motion to dismiss based on a prescription defense, and that motion was denied. Docs. 22 & 24. Kay then returned with a Motion for Partial Dismissal (Doc. 25) that attempts to peck away parts of Billie's complaint. For the reasons that follow, it is recommended that the motion be granted in part and denied in part.

**Summary of The Allegations**

Billie commenced this action by filing in the succession proceeding a petition titled Summary Proceeding for Declaratory Judgment and for Damages ("Petition"). Billie alleged that she and Travis were married in 1997 and lived together in Shreveport for about 23 years. Billie was 19 years younger than Travis, who had two adult daughters from a prior marriage, and Billie had issues with members of Travis' family, including Kay. Billie and Travis began living separate and apart in February 2020, but they remained in contact and communication, and Billie had access to the marital home where Travis lived. Petition, ¶¶ 1-15.

Several days before Travis' unexpected death, he told Billie that he had a surprise for her and asked her to come to his home. On September 24, 2020, in front of family members, Travis presented Billie with a 2018 Rolls Royce Phantom, which was similar to a 2019 model that Travis had recently bought for himself. He delivered to Billie both sets of keys to the 2018 car. She took the car to her house and realized that her carport was too small to protect the car. Billie arranged with Travis to store the car in his garage until she could build a suitable garage at her home. ¶¶ 16-28.

Travis died several days later. According to Billie, Kay quickly changed the locks on Travis' house, refused to allow Billie to participate in funeral preparation, and did not acknowledge her in obituaries. A little over a week after Travis' death, Kay filed a petition to open his succession. She was soon confirmed as executrix. ¶¶ 29-33.

Billie attempted to recover her personal assets, including the Rolls Royce, from the marital home. Kay rebuffed her efforts. Billie hired counsel, who learned on or about

February 25, 2021 from counsel for Kay that Kay, acting as succession representative, had sold the Rolls Royce to the Hebert Town & Country car dealership. Although Travis presented the car to Billie, the registration had remained in the name of Travis Miller, which allowed Kay to sell the car without Billie's involvement.

Billie demanded that Kay recover the car and return it to her, but counsel for Kay advised that he had determined that the Rolls Royce had been sold by Hebert and was unretrievable. ¶¶ 34-41. Billie filed this summary proceeding on February 1, 2022 and asked the state court to declare that Travis perfected a valid inter vivos donation of the Rolls Royce to Billie, find that Kay unlawfully converted Billie's property when she sold the car, and award Billie damages for the value of the car plus general damages. ¶ 46.

**Rule 12(b)(6) Motion to Dismiss**

In assessing a motion to dismiss based on Fed. R. Civ. Pro. 12 (b)(6), the court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff. In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). Those facts must state a claim that rises above the speculative level and is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007); Amacker v. Renaissance Asset Mgmt., LLC, 657 F.3d 252, 254 (5th Cir. 2011). A complaint is not sufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 127 S.Ct. at 1965).

**Revendicatory Claim**

The final numbered paragraph of Billie's Petition asked the court to: "(i) render a declaratory judgment that Travis perfected a valid *inter vivos* donation of the Rolls Royce to Billie upon delivery of the car on September 26, 2020; and (ii) award[] damages to Billie in the amount of the value of the Rolls Royce automobile, together with such general damages as Billie shall show herself entitled." ¶ 46. The Petition's prayer also asked for judgment declaring the donation to Billie valid and, as a result, that the car was owned by Billie and improperly converted when Kay sold it to Hebert Town & Country. Billie prayed for damages as a remedy.

Billie's petition appears to have asserted a typical delictual or tort claim for conversion under Louisiana law. Such a claim arises when the defendant has acquired or transferred property of the plaintiff in an unauthorized manner. Dual Drilling Co. v. Mills Equipment Investments, Inc., 721 So. 2d 853 (La. 1998). Kay does not argue that the petition is lacking with respect to a conversion claim.

A similar claim related to dispossession of property may arise under Louisiana Civil Code Article 526. It states: "The owner of a thing is entitled to recover it from anyone who possesses or detains it without right and to obtain judgment recognizing his ownership and ordering delivery of the thing to him." A claim under this article is known as a revendicatory action, and it is considered a real action rather than a personal action. Zadeck v. Treme, 2022 WL 4280296, *5 (W.D. La. 2022) (McClusky, M.J.). Billie's petition does not squarely assert a revendicatory action or pray that the car be returned to her possession. Rather, she asks for damages, the traditional remedy for a personal action for conversion.

Kay apparently introduced the idea of a revendicatory claim to the case when, in her earlier motion to dismiss, she argued that Billie had only one plausible claim, conversion, and that "any revendicatory action" Billie may have had would have abated once the car was no longer in Kay's possession. Doc. 7-1, pp. 4-5. Billie responded by embracing the revendicatory action that she had not pled, and she argued that Kay's sale of the car was not fatal to the claim because the cash Kay received was a movable subject to a revendicatory action. Doc. 20, pp. 13-14. And now we have a motion to dismiss the revendicatory action that never was.

Article 526 allows the owner of "a thing" to recover it from anyone who possesses or detains it. The thing in this case is the car, and everyone agrees that Kay no longer possesses or detains the car, so she is incapable of delivering the car to Billie. When the defendant is no longer in possession of a plaintiff's property, then the proper remedy is a delictual action in tort (conversion) for the fair market value of the property at the time it was converted. Gibbs v. Harris, 799 So.2d 665, 670 (La. App. 2d Cir. 2001). A revendicatory action "abates when the movable is no longer in possession of the defendant." Dual Drilling Co., 721 So.2d 853 n. 1.

Billie does not take direct issue with the law on this point but argues that Kay's sale of the car is not fatal to a revendicatory claim because the resulting money Kay received is a corporeal movable. Cash may be a moveable, but Billie does not allege that Kay took cash from her, for which a revendicatory action could lie. Witson v. Succession of Staring, 175 So. 495 (La. App. 1st Cir. 1937) (revendicatory action may lie for money where the fund has been earmarked or can be identified), cited in 2 Yiannopoulos and Scalise, La.

Civ. Law Treatise, Property § 13:7 (5th ed.). Billie cites no authority for the proposition that a revendicatory action attaches to the proceeds of a thing that is wrongfully taken and then sold. Accordingly, any revendicatory claim based on Article 526, if one was ever pled, should be dismissed.

**Attorney's Fees**

Paragraph G of Billie's prayer asks for an award of attorney's fees. "Under Louisiana law, attorney's fees ordinarily are not recoverable unless specifically authorized by statute or contract." Hollybrook Cottonseed Processing, LLC v. Am. Guarantee & Liab. Ins. Co., 772 F.3d 1031, 1036 (5th Cir. 2014). Kay argues that Billie's claim for fees should be dismissed because there is no contract at issue and no statutory basis for a fee award.

Billie does not concede the issue, but she points to no contract and cites no fee statute. Instead, she responds that she continues to object to the court's ruling that permitted removal of this action separate and apart from the state succession proceeding, and she reserves her (unspecified) right to attorney's fees in connection with the succession proceeding.

If Billie should obtain remand from a reviewing court, she will be free to seek fees in state court if appropriate. At this point, however, her right to recover fees has been squarely challenged, and she has cited no authority that would allow this court to award fees if she prevails on the merits of her conversion claim. The claim for attorney's fees should be dismissed.

**Claim for Declaratory Relief**

Billie's petition asks the court to (1) render a declaratory judgment that Travis made a valid donation of the car to Billie, with the result that (2) the car was not an asset of Travis' estate and (3) the sale of the car to Hebert Town & Country was an unlawful conversion of Billie's property. Though Billie styles her petition as one for declaratory relief, she prays for damages as a remedy. Kay asks the court to dismiss the purported claim for declaratory relief because it is not independent from Billie's conversion claim.

"[T]he preliminary determination in a conversion claim must be the ownership of the property..." Seals v. Lucien, 282 So. 3d 1148, 1151 (La. App. 4th Cir. 2019), quoting Worthy v. McClelland, 995 So.2d 636, 639 (La. App. 4th Cir. 2008). In Seals, the plaintiff presented no evidence that he owned the car that was towed by the defendant, so his conversion claim failed. Thus, Billie must prove that she owned the Rolls Royce to prevail on the conversion claim that Kay admits has been alleged.

Despite the necessity that Billie prove ownership as part of her conversion claim, Kay argues that Billie has made a separate request for a declaration of a valid donation that is duplicative of the conversion claim and should be dismissed. Billie responds that her request for a declaration of ownership is an element of her conversion claim and has independent merit.

The point is academic. Billie must establish that Travis made a valid donation of the car to her if she is to prevail on her conversion claim. Billie, accordingly, prayed that the court find or declare a valid donation as an inherent part of her conversion claim for

damages. If court were to dismiss the supposed separate request for declaratory relief, it would accomplish nothing. There will not be one less interrogatory or deposition, and the trial or summary judgment proceedings would be identical. The issue of donation/ownership will have to be resolved to decide the conversion claim. The court should not waste its time further parsing whether an allegedly separate declaratory judgment request has been asserted or should be allowed to continue. This aspect of Kay's motion should be denied.

**Claims Against Kay as Executrix**

Billie's petition named as defendant Kay in her individual capacity and in her capacity as executrix of Travis' estate. Kay argues that any claims against her in her capacity as executrix or succession representative should be dismissed because there is no basis for any such claim. The only significance is whether Billie could collect a judgment only from Kay's personal assets or those of Travis' estate.

Kay points to the rule that a succession representative generally cannot subject the estate to direct liability to third persons. The third person (Billie) must ordinarily look to the succession representative personally for claims arising out of contracts the representative makes, and the representative may be reimbursed for a proper expenditure from the assets of the estate. See Mid-South Environmental Services, Inc. v. Estate of Sandidge, 828 So.2d 640 (La. App. 2d Cir. 2002). The Sandidge court held that the estate representative personally was the proper defendant in a suit for breach of a contract the representative entered to have environmental remediation work done on estate property. The court noted that the contract at issue was not among those situations in which court

authorization could be obtained, therefore the succession representative was personally liable. But the sale of estate property (such as a car) by a succession representative is to be authorized by the court. La. C.C.P. art. 3261. And a succession representative is the proper defendant in an action to enforce an obligation of the succession while it is under administration. La. C.C.P. art. 734.

The precise facts of Kay's sale of the car to Hebert are not known at this preliminary pleadings-review stage of the case. There may be circumstances under which an estate representative's honest but mistaken liquidation of property belonging to another gives rise to a claim against estate funds, and the estate representative might be a proper defendant on that claim. Kay is represented by the same counsel in her individual and representative capacities so she will suffer no prejudice for the claims against her in her representative capacity to go forward until they can be resolved on more definitive facts and law. At this stage, the motion to dismiss claims against Kay in her representative capacity should be denied.

Accordingly,

It is recommended that Defendant Karen J. "Kay" Miller's Motion for Partial Dismissal (Doc. 25) be granted in part and denied in part as follows. All claims for revendicatory relief and attorney's fees should be dismissed. The motion should be denied in all other respects.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of November, 2022.

Mark L. Hornsby
U.S. Magistrate Judge